Saul S. Rostamian (SBN: 235292)
srostamian@winston.com
Erin Ranahan (SBN: 235286)
eranahan@winston.com
Diana L. Hughes (SBN: 267606)
dhughes@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750

Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Kevin Joon Oh (SBN: 246142)
koh@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111-5802
Tel: (415) 591-1000
Fax: (415) 591-1400

Attorneys for Defendants
REGAL ASSETS, LLC,
TYLER GALLAGHER,
and KELLY FELIX

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEAR CAPITAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>REGAL ASSETS, LLC; Tyler Gallagher, an individual; Kelly Felix, an individual; and Does 1-10, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-00869-JAK-SH<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>[Proposed] Order filed concurrently<br><br>Judge:   Hon. John A. Kronstadt<br>Date:    May 18, 2015<br>Time:    8:30 a.m.<br>Place:   Courtroom 750-Roybal<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, May 18, 2015, at 8:30 a.m., or as soon after that time as the matter may be heard, in Courtroom 750 of the above court, located at 255 E. Temple Street, Los Angeles, CA 90012, Defendants Regal Assets, LLC, Tyler Gallagher, and Kelly Felix hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's Complaint.

This Motion is made on the grounds that Plaintiff's federal and state false advertising claims (Claims Three and Four) fail because the Complaint does not allege any affirmative false statements, and that Plaintiff's federal and state trademark infringement claims (Claims One, Two and Five) fail because the Complaint does not adequately allege that any of the named Defendants used Plaintiff's trademark in commerce as required to support a claim of direct trademark infringement and also fails to allege facts supporting the elements of vicarious trademark infringement.  The Motion is also made on the grounds that Plaintiff has not stated any claims against Mr. Felix, and that Plaintiff's allegations regarding alter ego, conspiracy and agency are conclusory  and insufficient under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the concurrently filed supporting Declaration of Diana Hughes, the [Proposed] Order, the contents of the record and the court file, and any further written or oral submissions that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 26, 2015.  *See* Declaration of Diana Hughes, ¶¶ 2-4.

///

///

1   Dated: March 5, 2015                    WINSTON & STRAWN LLP

2

3                                           By:  */s/ Saul S. Rostamian*
                                                 Saul S. Rostamian
4                                                Erin R. Ranahan
                                                 Diana L. Hughes
5                                                Jennifer A. Golinveaux
                                                 Kevin Joon Oh
6
                                                 Attorneys for Defendants
7                                                REGAL ASSETS, LLC, TYLER
                                                 GALLAGHER, AND KELLY FELIX
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS THE COMPLAINT

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA  90071-1543**

# **TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS .................................................................................. 2

    A.   False Advertising Allegations ................................................................. 2

    B.   Trademark Allegations ............................................................................. 4

III. LEGAL DISCUSSION ...................................................................................... 5

    A.   Legal Standard ........................................................................................ 5

    B.   Plaintiff Fails to State Viable False Advertising Claims ......................... 6

        1.   The Alleged Omissions and Failures to Disclose Are Not
            Actionable as False Advertising ..................................................... 6

        2.   The Complaint's Conclusory Statements Fail to Connect
            Defendants to Any Alleged False Advertisements ........................ 8

        3.   The Alleged Statements Attributed to Mr. Felix Are Not
            Actionable ..................................................................................... 12

    C.   Plaintiff's Direct Trademark Infringement Claims Fail Because
        Plaintiff Does Not Plausibly Allege that Defendants Used the
        Alleged Trademark ................................................................................ 14

    D.   Plaintiff Fails to Allege a Claim for Vicarious Trademark
        Infringement .......................................................................................... 15

    E.   Plaintiff's UCL Claims Fails for the Same Reasons ............................... 15

    F.   The Court Should Dismiss the Complaint With Prejudice ..................... 16

IV.  CONCLUSION ................................................................................................ 16

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

MOTION TO DISMISS THE COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Agency Dev., Inc. v. Med Am. Ins. Co.*,
   310 F. Supp. 2d 538 (W.D.N.Y 2004)...................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................5, 12

*Associated Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)..................................................................16

*Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*,
   984 F. Supp. 768 (S.D.N.Y. 1997) .....................................................8

*Baker v. Chin & Hensolt, Inc.*,
   No. CV-09 4168 MMC,
   2010 WL 147954 (N.D. Cal. Jan. 12, 2010)............................................11

*Berry v. Baca*,
   No. CV 01-02069DPP(SHX), 2002 WL 356763 (C.D. Cal. Feb. 26, 2002) .....10

*Briosos v. Wells Fargo Bank*,
   737 F. Supp. 2d 1018 (N.D. Cal. 2010) ...............................................15

*Buchanan v. Neighbors Van Lines*,
   No. CV 10-6206 PSG, 2010 WL 4916644 (C.D. Cal. Nov. 29, 2010)
   (Gutierrez, J.).......................................................................12

*Cnty. of Marin v. Deloitte Consulting LLP*,
   836 F. Supp. 2d 1030 (N.D. Cal. 2011)...............................................13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) .......................................................13

*F.D.I.C. v. LSI Appraisal, LLC*,
   No. SA CV 11-706 DOC ANX,
   2011 WL 5223061 (C.D. Cal. Nov. 2, 2011) ...........................................11

*Garcia v. Wachovia Mortg. Corp.*,
   676 F. Supp. 2d 895 (C.D. Cal. 2009)................................................15

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

MOTION TO DISMISS THE COMPLAINT

*Gustafson v. BAC Home Loans Servicing, LP*,
    No. SACV 11-915-JST ANX, 2012 WL 7051318 (C.D. Cal. Dec. 20, 2012) ..16

*Hoang v. Vinh Phat Supermarket, Inc.*,
    No. CIV. 2:13-00724 WBS GGH, 2013 WL 4095042 (E.D. Cal. Aug. 13,
    2013) ...........................................................................................................11

*Hokama v. E.F. Hutton & Co., Inc.*,
    566 F.Supp. 636 (C.D. Cal. 1983) ...........................................................11

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*,
    14-cv-03954, 2014 WL 6892141 (C.D. Cal. Nov. 5, 2014).....................6, 7, 8

*Int'l Paint Co. v. Grow Group, Inc.*,
    648 F. Supp. 729 (S.D.N.Y. 1986) ...............................................................8

*Jada Toys, Inc. v. Mattel, Inc.*,
    518 F.3d 628 (9th Cir. 2008) ....................................................................14

*KEMA, Inc. v. Koperwhats*,
    No. C-09-1587 MMC, 2010 WL 3464737 (N.D. Cal. Sept, 1, 2010)...............11

*Knudsen v. CHSI of Cal., LLC*,
    No. 2:07-cv-02231-MCE-KJM, 2008 WL 719248 (E.D. Cal. Mar. 17, 2008)....9

*L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*,
    863 F. Supp. 2d 1066 (D. Colo. 2012) ........................................................12

*Leadsinger, Inc. v. BMG Music Publ'g*,
    429 F. Supp. 2d 1190 (C.D. Cal. 2005) ........................................................16

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
    985 F. Supp. 949 (C. D. Cal. 1997) .............................................................14

*Mililani Grp., Inc. v. O'Reilly Auto., Inc.*,
    No. 2:12-cv-00891 JAM-CKD, 2013 WL 1339075, at *2 (E.D. Cal. Apr. 3,
    2013) ...........................................................................................................10

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) .....................................................9, 11

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006).......................................................10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

*Perfect 10, Inc. v. Visa Int'l Service, Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ...................................................................15

*Peviani v. Hostess Brands, Inc.*,
   750 F. Supp. 2d 1111 (C.D. Cal. 2010) ..................................................5

*RAE Sys. Inc. v. TSA Sys., Ltd.*,
   No. 04-2030, 2005 WL 1513124 (N.D. Cal. June, 24 2005) ...........................11

*Sandoval v. Ali*,
   No C-13-03230 (EDL), 2014 WL 1311776 (N.D. Cal. Mar. 28, 2014) ..............9

*Silva v. U.S. Bancorp*,
   No. 5:10-CV-01854-JHN, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) .......8, 16

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ........................................................6, 8, 13

*Universal City Studios, Inc. v. Sony Corp. of Am.*,
   429 F. Supp. 407 (C.D. Cal. 1977) ......................................................8

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ..............................................................5

*Wright v. Gen. Mills Inc.*,
   No. 08cv1532 L(NLS), 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009).....5

**STATUTES**

15 U.S.C. § 1114.....................................................................................14

15 U.S.C. § 1125(a) ...........................................................................6, 14

Cal. Bus. & Prof. Code § 17200 ....................................6, 8, 14, 15, 16

Cal. Bus. & Prof. Code § 17500 ................................................6, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ....................................................................2, 7, 16

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS THE COMPLAINT

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.   INTRODUCTION

As part of a serial litigation campaign designed to silence individuals from communicating accurate, truthful information about Regal Assets and its competitors in the precious metals industry, Plaintiff Lear Capital, Inc. ("Plaintiff" or "Lear") has filed a complaint against Regal Assets, Inc. ("Regal Assets"), its owner, and an individual affiliate marketer. To date, Plaintiff's attorneys have filed three separate lawsuits alleging various false advertising claims against Regal Assets on behalf of three separate Plaintiffs—American Bullion, Inc., Swiss America Trading Corporation, and now Lear, all of which are pending in the Central District of California.  While the claims for relief are largely the same, the alleged facts are not. What makes this case strikingly different than the other lawsuits is that here, Plaintiff does not identify a single, specific false statement that Defendants have allegedly made about Lear or Regal Assets.  Instead, the substance of the statements referenced and included on the Exhibits to the Complaint are actually communications from affiliates *stating accurate information about Lear*, such as citing to stellar Better Business Bureau ratings and positive reviews.  Lear does not dispute the truth of any of these substantive statements, and has not identified any other statements that could possibly constitute a false statement about Lear or Regal Assets.  Without a false statement alleged anywhere in the Complaint, Lear's false advertising claims fail as a matter of law.

Without any actual false statements about Lear or Regal Assets, Plaintiff's only remaining allegations are vague claims that reviews on affiliate sites are biased toward Regal Assets and other non-actionable omissions and allegations made only "on information and belief" that individuals not named as defendants, including Andrew Egoroff, allegedly used inaccurate identifying information regarding his background. But claims about allegedly non-independent reviews based solely upon such statements or omissions are not actionable as false advertising claims without an

1

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

underlying false statement about Lear or Regal Assets.  Even if they were, Plaintiff's Complaint relies on only conclusory allegations regarding its claims that Defendants should be treated as "alter egos," "agents" and/or "co-conspirators" to impose liability with respect to such conduct here.  Even assuming certain identifying information about individual affiliates was inaccurate as alleged, there are no allegations that any of the Defendants had any knowledge or involvement, let alone any control, over what picture or name Mr. Egoroff, or any other individual, chose to use when conveying truthful information about Lear or Regal Assets in their reviews.  Lear's allegations in support of its alter ego, agency and conspiracy theories are all plead on "information and belief" and in conclusory fashion, which, under well-established federal pleading standards, is not enough to survive this Motion.

Plaintiff's trademark and false designation of origin claims should also be dismissed.  Plaintiff's claims for direct trademark infringement fail because no specific facts are alleged regarding Defendants' use of any Lear trademark in commerce, a necessary element of the claims.  Plaintiff also fails to allege facts sufficient to state a claim for vicarious trademark infringement. Because Plaintiff's false advertising and trademark claims fail, its UCL claim that is predicated upon the same conduct fails as well.

For these reasons, the Court should grant this Motion and dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## II.   STATEMENT OF FACTS

On February 6, 2015, Plaintiff filed this lawsuit against Regal Assets, Tyler Gallagher, and Kelly Felix for false advertising and trademark infringement under federal and state law.

### A.   False Advertising Allegations

Plaintiff alleges that Regal Assets is owned by Mr. Gallagher and competes against Plaintiff to sell precious metals to consumers.  Compl. ¶ 1.  Plaintiff also alleges that Mr. Felix operates the www.imfsite.org website and engages in affiliate

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

marketing with respect to Regal Assets.  *Id.* ¶¶ 15, 32.  The Complaint alleges that false advertising occurred on so-called "Regal Sites," third-party websites operated by Regal Assets affiliates that allegedly "denigrated" Plaintiff.  Compl. ¶¶ 3, 31.  Though Plaintiff alleges that it was "denigrated" while Regal Assets was "lauded," the Complaint does not allege or identify any actual false statement about Lear.  *Id.* Moreover, the Exhibits show that the third-party affiliate websites do not disparage Lear at all.  To the contrary—the websites convey positive information about Lear. For example, Exhibit 1 (at page 26) states that Lear has a "BBB Rating" of A+ (all other competitors have a rating of A or A+).  Exhibit 1 (at page 34) also states that "Lear Capital has a positive rating on TrustLink.  At the time of this review, the company has a 5 out of 5 star rating, based on 246 reviewers on file.  Generally, most of the reviews at TrustLink are positive about the company and its products."  And Exhibit 2 (at page 44) states that Plaintiff and others are "very good at what they do." Plaintiff does not allege that either the A+ grade or 5-star rating attributed to Plaintiff is a false statement of fact or that it is false that Plaintiff is very good at what it does. During the meet and confer regarding this Motion, Plaintiff's counsel confirmed that Plaintiff is not alleging that any of the alleged statements at issue regarding Lear are false.  Hughes Decl. ¶ 3.

Plaintiff also alleges that these third-party sites and the www.imfsite.org website "fail to disclose their connection to Regal [Assets]."  Compl. ¶ 71.  For example, Plaintiff claims that "[t]he Regal Sites portray themselves as neutral, independent websites . . . [t]he sites are not independent, but run by Regal's sales agents with Regal's assistance and under its direction."  Compl. ¶¶ 3, 31, 36(a). Similarly, Lear alleges that the fact that the third-party affiliate sites "include content created independently of Defendants but the owners and operators of the sites are compensated by Regal for promoting it and directing customers to it" is not disclosed. *Id.* ¶ 34.  Lear's counsel confirmed during meet and confer discussions that they were unaware of any substantive statement alleged in the Complaint or appearing in the

attached Exhibits that is false, and that the only falsities Plaintiff is alleging are the nondisclosures and general claims that the third-party affiliate sites "portray themselves as neutral." Hughes Decl. ¶ 3.  Plaintiff's counsel could not identify a single affirmative statement in the Complaint or the Exhibits illustrating these claims. *Id.* ¶ 4.

Additionally, Plaintiff claims that Mr. Felix's website "falsely states that Felix is the site's 'top editor and contributor, a Forbes 'featured' financial commentator, and a consultant to Warren Buffet." Compl. ¶ 36(a) & Ex. 1.  These alleged false statements do not appear in Exhibit 1, which instead states that Mr. Felix's "work has also been featured in Forbes Magazine" and that Mr. Felix has contributed "to several blogs and websites, and has consulted with companies such as Ogilvy, WarrenBuffet.com, and Regal Assets." Compl. Ex. 1 at 24.

Plaintiff also alleges that specific third-party affiliate websites, such as the Gold IRA Reviewer websites, provide false identifying or background information about the particular reviewer, but there is no allegation that such reviews contain any false information about Lear or Regal Assets.  Compl. Ex. ¶ 36(b), Exs. 2-4.  Moreover, Plaintiff does not allege that Regal Assets, Mr. Gallagher, or Mr. Felix created or operated these sites.  *See* Compl. ¶ 36(b).

### B.    **Trademark Allegations**

Plaintiff alleges that specified third-party affiliate sites "misleadingly divert web traffic intended for Lear directly from Regal by using mislabeled hyperlinks" and that some video reviews on YouTube infringe the alleged LEAR CAPITAL trademark.  Compl. ¶¶ 37, 40.  Plaintiff alleges that this constitutes trademark infringement and false designation of origin.  *Id.* ¶¶ 47-68.  Plaintiff does not allege any use of Plaintiff's trademarks by Defendants nor does it allege trademark infringement or false designation of origin with respect to Mr. Felix's www.imfsite.org website.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III.    **LEGAL DISCUSSION**

    A.    **Legal Standard**

       "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In construing the plaintiff's allegations, a court need not accept as true "legal conclusions" that are "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.  Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.  The complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678.

       Before *Twombly* and *Iqbal*, a complaint could not be dismissed unless it appeared "beyond doubt" that a plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." *Wright v. Gen. Mills Inc.*, No. 08cv1532 L(NLS), 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009).  That standard no longer applies.  Now, "'the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.'" *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1115 (C.D. Cal. 2010) (Marshall, J.) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).  As set forth below, Plaintiff's claims against Defendants fall far short of what is needed to state any plausible claim against Defendants under *Twombly* and *Iqbal*, and should be dismissed with prejudice.

**B.     Plaintiff Fails to State Viable False Advertising Claims**

    **1.     The Alleged Omissions and Failures to Disclose Are Not Actionable as False Advertising**

Plaintiff's false advertising claims, which are based on alleged omissions and non-disclosures, rather than any actionable affirmative false statements about the parties, must fail.

To prevail on its false advertising claims, Plaintiff must prove:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;

(2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

(3) the deception is material, in that it is likely to influence the purchasing decision;

(4) the defendant caused its false statement to enter interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result of the false statement.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (standard for false advertising claims under 15 U.S.C. § 1125(a)(1)(B)); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 14-cv-03954, 2014 WL 6892141, at *6 (C.D. Cal. Nov. 5, 2014) (Pregerson, J.) (holding same standard applies to false advertising claims under Cal. Bus. & Prof. Code §§ 17200, 17500, and common law). The statement at issue must be either "literally false" or "literally true but likely to be misleading or confusing to consumers." *Southland Sod*, 108 F.3d at 1139. Furthermore, a plaintiff bringing a claim for false advertising based on allegedly negative or biased reviews of the Plaintiff must allege "falsifiable factual claims about Plaintiff's [services]." *See Homeland Housewares,* 2014 WL 6892141, at *3.  In *Homeland Housewares,* the plaintiff alleged that defendant had allegedly "planted" "reviews on the Internet." *Id.* at *1.  The Court found that the plaintiffs had "not

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

sufficiently alleged facts to support its false advertising claim based on allegedly false reviews, primarily because it has not alleged clearly that Defendant made a false statement of fact." *Id.* at *2.  The Court found that without "something more" the allegation was "too ambiguous" to survive a Rule 12(b)(6) challenge.  *Id.*  The Court therefore dismissed claims based on an allegedly biased review because "merely alleging that Defendant said negative things about one's product … is not stating a claim for false advertising." *Id.* at *3.

Here, Plaintiff does not identify any such false statements in the Complaint or Exhibits.  Compl. ¶¶ 31-36, Exs. 1-9.  And during the meet and confer regarding this Motion, Plaintiff's counsel conceded that Lear is not alleging that any alleged substantive statement regarding Lear or Regal Assets is false.  Hughes Decl. ¶ 3.  Additionally, despite repeated conclusory statements that the websites at issue "denigrate" Plaintiff, *e.g.*, Compl. ¶ 3, Plaintiff fails to identify any such negative statement.  *See* Compl. Ex. 1 at 34 (stating that Plaintiff has a "BBB Rating" of A+ and that all other competitors have a rating of A or A+); (stating that "Lear Capital has a positive rating on TrustLink.  At the time of this review, the company has a 5 out of 5 star rating, based on 246 reviewers on file.  Generally, most of the reviews at TrustLink are positive about the company and its products."); Ex. 2 at 44 (stating that Plaintiff and others are "very good at what they do"); Ex. 2 at 58 (stating that "there are many satisfied customers that have had a great experience with [Lear]").

Instead, the Complaint alleges false advertising based upon nondisclosures rather than affirmatively false statements of fact.  Compl. ¶¶ 31-35, Exs. 2-3, 5, 7-9.  The crux of Plaintiff's false advertising claims is that certain third-party Regal Assets affiliate sites "fail to disclose their connection to Regal [Assets]" and that therefore Defendants are liable for false advertising based on the nondisclosures or non-statements by the operators of those sites.  *Id.* ¶ 71; Hughes Decl. ¶ 3.  And while the Complaint contains general allegations that the third-party affiliate sites falsely "portray themselves as neutral, independent websites," Compl. ¶ 3, Plaintiff does not,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

7

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  and cannot, point to any such affirmative statements (rather than an omissions) in the

2  Complaint or the Exhibits.  Hughes Decl. ¶ 3.  Such alleged omissions cannot support

3  a false advertising claim because such a non-statement is neither literally false nor

4  literally true yet misleading.  *Southland Sod*, 108 F.3d at 1139-40; *see Universal City*

5  *Studios, Inc. v. Sony Corp. of Am.*, 429 F. Supp. 407, 410 (C.D. Cal. 1977) (Ferguson,

6  J.); *K & N Eng'g, Inc. v. Spectre Performance*, no. 09-cv-01900, 2011 WL 4387094,

7  at *17-18 (C.D. Cal. Sep. 20, 2011) (Phillips, J.) (granting summary judgment for no

8  false advertisement based on alleged nondisclosure of material fact); *see also Agency*

9  *Dev., Inc. v. Med Am. Ins. Co.*, 310 F. Supp. 2d 538, 547 (W.D.N.Y 2004) (holding

10 that defendant's failure to disclose that it was for-profit company cannot support false

11 advertising claim); *Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*, 984 F. Supp. 768,

12 798 (S.D.N.Y. 1997) (same regarding failure to disclose that product was not an

13 effective insect repellent); *Int'l Paint Co. v. Grow Group, Inc.*, 648 F. Supp. 729, 730

14 (S.D.N.Y. 1986) (dismissing action as the Lanham Act "imposes no affirmative duty

15 of disclosure").  Therefore, Plaintiff's false advertising claims under the Lanham Act,

16 which are premised solely on such omissions and non-statements, must be dismissed.

17        Furthermore, all of Plaintiff's state law claims premised on these types of non-

18 actionable statements must also be dismissed. *Homeland Housewares,* 2014 WL

19 6892141, at *6 (Lanham Act standard applies to false advertising claims under Cal.

20 Bus. & Prof. Code § 17500); *Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011

21 WL 7096576, at *6 (C.D. Cal. Oct. 6, 2011) ("If a plaintiff's claim for an underlying

22 action fails, he cannot make a claim under § 17200.").

23        **2.     The Complaint's Conclusory Statements Fail to Connect**

24             **Defendants to Any Alleged False Advertisements**

25        The Complaint does not allege that any Defendant directly made any allegedly

26 false statements or non-statements *on any site*.  Instead, Lear's Complaint relies upon

27 "information and belief" to align the named Defendants with the third party operators

28 of the certain affiliate sites.  "Upon information and belief," Plaintiff accuses

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

Defendants of being the puppet masters responsible for "the saturation of the internet with false and deceptive promotional websites, videos, and other content (the 'Regal Sites')."  Plaintiff also claims that "[u]pon information and belief, in certain instances, the Regal Sites are created and published by defendant Felix."  Compl. ¶ 32.  Again, upon information and belief, Plaintiff accuses Defendants of entering into a "conspiracy"  and "agency" relationships with "each member of Regal's affiliate program and owner/operator of the Regal Sites" to saturate the Internet with false advertising.  *E.g.*, Compl. ¶ 18; *see also id.* ¶¶ 17, 19, 31, 33, 42-46, 73, 82.  Plaintiff alleges, upon information and belief, that Defendants, co-conspirators, and agents are also alter egos.  *Id.* ¶¶ 16, 19.  But because the Complaint fails to allege any facts connecting any of the named Defendants with the individuals who operated websites that purportedly engaged in false advertising, Plaintiff's false advertising claims must fail.  *E.g.*, *id.* ¶ 3.

First, such statements premised "upon information and belief" cannot support a viable claim.  *Baker v. Ronnau*, no. 11-cv-0263, 2011 WL 7563900, at *8 n.4 (C.D. Cal. Oct. 31, 2011) (Olguin, M.J.) ("Plaintiff's statement… based on information and belief… is entirely speculative, conclusory and insufficient to support a viable… claim.") (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *Iqbal*, 129 S. Ct. at 1949) (internal quotation marks omitted), *adopted by* 2012 WL 960059 (Mar. 21, 2012) (Pregerson, J.) (dismissing action with prejudice); *Tarantino v. Gawker Media, LLC*, no. 14-cv-603, 2014 WL 2434647, at *5 n.4 (C.D. Cal. Apr. 22, 2014) (Walter, J.) (dismissing claim where "Plaintiff's allegations related to his contributory infringement claim are based on information and belief, and such allegations are insufficient as a matter of law") (citations omitted); *Sandoval v. Ali*, No C-13-03230 (EDL), 2014 WL 1311776, at *4-5 (N.D. Cal. Mar. 28, 2014) (dismissing alter ego claims based on information and belief as "too conclusory to survive a motion to dismiss"); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) (Morrow, J.) (same); *Knudsen v. CHSI of Cal., LLC*, No. 2:07-cv-02231-MCE-

9

1    KJM, 2008 WL 719248 (E.D. Cal. Mar. 17, 2008) (dismissing alter ego claims based

2    on information and belief).

3        Second,  Plaintiff's conclusory statements that merely label Defendants as "co-

4    conspirators" with, or "alter egos," of third parties, devoid of supporting facts, are not

5    enough to impute the alleged acts of third parties to Defendants, and such complaints

6    are routinely dismissed.  Compl. ¶¶ 16-19; *see Berry v. Baca*, No. CV 01-

7    02069DPP(SHX), 2002 WL 356763, at *1, 3 (C.D. Cal. Feb. 26, 2002) (Pregerson, J.)

8    (dismissing claims involving conclusory allegations of conspiracy under Fed. R. Civ.

9    P. 8, 9, and 10); *see also Wallack v. Idexx Labs., Inc.*, no. 11-cv-2996,  2014 WL

10   1455872, at *9 (S.D. Cal. Apr. 14, 2014) (dismissing claims for conspiracy to infringe

11   trademark for failing to alleged adequate facts).  Court after court has dismissed alter

12   ego claims where the plaintiff fails to allege specific factual allegations. *Nordberg v.*

13   *Trilegiant Corp.,* 445 F. Supp. 2d 1082, 1102-03 (N.D. Cal. 2006) (dismissing alter

14   ego claim for failure to make "specific factual allegations"); *Brennan v. Concord EFS,*

15   Inc., 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005) (holding that generalized

16   allegations of "dominion and control" were insufficient to state alter ego claim);

17   *Mililani Grp., Inc. v. O'Reilly Auto., Inc.,* No. 2:12-cv-00891 JAM-CKD, 2013 WL

18   1339075, at *2 (E.D. Cal. Apr. 3, 2013) (holding alter ego allegations to be "still too

19   vague and do not include facts to show a unity of interest and ownership.").

20       While the Complaint claims that operators of third-party affiliate websites such

21   as Andrew Egoroff set forth false facts regarding identifying information and

22   background, *see* Compl. ¶¶ 36(b)-(c) & Exs. 2-9, the Complaint is devoid of factual

23   allegations that any of the named Defendants had any knowledge or involvement, let

24   alone control, over what picture or name Mr. Egoroff, or any other individual, chose

25   to use on their websites.  Plaintiff does not allege that any named Defendant

26   suggested, instructed or encouraged any third-party affiliate to post false identifying

27   information.  Conclusory allegations of an agency, alter ego, or co-conspirator

28   relationship and Plaintiff's bare allegation that Regal Assets compensates third-party

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

10

affiliate marketers for promoting the company, *see* Compl. ¶ 33, are insufficient to impute any of the specific alleged conduct to Regal Assets.

Even where the plaintiff's complaint tracked eight factors relevant to an alter ego claim—which Plaintiff has not done here—the court still dismissed the plaintiff's alter ego claim where the allegations were made in conclusory fashion. *KEMA, Inc. v. Koperwhats,* No. C-09-1587 MMC, 2010 WL 3464737, *8 (N.D. Cal. Sept, 1, 2010)) *RAE Sys. Inc. v. TSA Sys., Ltd.*, No. 04-2030, 2005 WL 1513124, at *3 (N.D. Cal. June, 24 2005) ("At the pleading stage, conclusory allegations that a corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss."). "[C]onclusory allegations are insufficient to identify any facts to support a finding that the 'separate personalities of the corporation and the individual no longer exist' or that if the subject acts…an 'inequitable result will follow.'" *Baker v. Chin & Hensolt, Inc.,* No. CV-09 4168 MMC, 2010 WL 147954, at *5 (N.D. Cal. Jan. 12, 2010) (citing *Mesler v. Bragg Mgmt. Co.,* 39 Cal.3d 290, 300 (1985)); *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 647 (C.D. Cal. 1983) (holding that plaintiff had failed to state a claim against individual defendant where complaint contained only conclusory allegation of alter ego status without alleging the elements of the doctrine); *F.D.I.C. v. LSI Appraisal, LLC*, No. SA CV 11-706 DOC ANX, 2011 WL 5223061, at *9 (C.D. Cal. Nov. 2, 2011) (dismissing alter ego claims based on "conclusory language"). "Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson*, 290 F. Supp. 2d at 1116. "To sufficiently allege a theory of alter ego, plaintiffs must provide 'more than labels and conclusions'—'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Hoang v. Vinh Phat Supermarket, Inc.*, No. CIV. 2:13-00724 WBS GGH, 2013 WL 4095042, at *14 (E.D. Cal. Aug. 13, 2013) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff likewise fails to allege facts establishing the required elements of the purported agency relationship between Defendants and the operators of the third-party

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

affiliate websites. "To plead an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent holds power to alter legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him." *See Buchanan v. Neighbors Van Lines*, No. CV 10-6206 PSG (RCx), 2010 WL 4916644, at *3 (C.D. Cal. Nov. 29, 2010) (Gutierrez, J.) (citation and internal quotation marks omitted); *id.* (dismissing claims based on agency as being "nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*."); *see also L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066 (D. Colo. 2012) (dismissing vicarious false advertising claim under the Lanham Act as liability does not "extend[] beyond the boundary of standard agency theory"). The Complaint fails to allege any facts that would establish that the operators of the third-party affiliate sites were Defendants' agents.

### 3.     The Alleged Statements Attributed to Mr. Felix Are Not Actionable

Plaintiff alleges that Mr. Felix's website www.imfsite.org "promote[s] Regal," "denigrates Lear," and "does not disclose that it is controlled by Regal's co-owner/marketing director." Compl. ¶ 36(a) & Ex. 1. As discussed above, Plaintiff concedes that it is not basing any false advertising claims on statements that "denigrate Lear." For the reasons discussed in Section III.B.1 above, allegations that Mr. Felix did not disclose an affiliation with Regal Assets are not actionable under federal or state false advertising law. Furthermore, any allegation that Mr. Felix failed to disclose a connection with Regal Assets is belied by Plaintiff's own exhibit, which shows that the homepage for www.imfsite.org states:

> Disclosure: We are not the official IMF. We are an independently owned organization, and committed to the preservation of historical financial events and IMF related news. We are compensated by some or all of the websites we recommend, and this compensation may impact the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

recommendations we make.  The findings, interpretations, and conclusions expressed are entirely those of the authors of each article.

*See* Ex. 1 at 21.

The Complaint also alleges that Mr. Felix's website "falsely states that Felix is the site's 'top editor and contributor, a Forbes 'featured' financial commentator, and a consultant to Warren Buffet."  Compl. ¶ 36(a) & Ex. 1.  But these alleged false statements are nowhere to be found in Exhibit 1.  Instead, Exhibit 1 states that Mr. Felix's "work has also been featured in Forbes Magazine" and that Mr. Felix has contributed "to several blogs and websites, and has consulted with companies such as Ogilvy, WarrenBuffet.com, and Regal Assets."  Compl. Ex. 1 at 24.  Plaintiff's false advertising claims against Mr. Felix cannot be based on statements contradicted by the attached Exhibits.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (affirming dismissal of complaint and noting that "[w]e are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

And to the extent that Plaintiff takes issue with Mr. Felix's alleged claim that he is a "top" contributor to Regal Assets, that term is, at most, puffery rather than an actionable false statement of material fact.  *Southland Sod*, 108 F.3d at 1145 (defining puffery as "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely"); *see also Cnty. of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1039 (N.D. Cal. 2011) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990)) (characterizing puffery as typically comprised of vague, exaggerated, generalized, or subjective statements).  Thus, Plaintiff's false advertising claims against Mr. Felix should be dismissed.

13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

C.   **<u>Plaintiff's Direct Trademark Infringement Claims Fail Because</u>
     <u>Plaintiff Does Not Plausibly Allege that Defendants Used the Alleged</u>
     <u>Trademark</u>**

In order to prevail on its trademark claims, Plaintiff must establish that Defendants used the alleged LEAR CAPITAL mark (hereinafter, the "Mark") in commerce.  *See* 15 U.S.C. §§ 1114(a)(1)(a) (trademark infringement); 1125(a)(1)(A) (false designation of origin) (requiring use in commerce by alleged infringer); *see also Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 n.1 (9th Cir. 2008) (holding that trademark infringement claims are subject to the same test, whether under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, or common law). Rather than alleging that any of the named Defendants used the Mark in commerce, Plaintiff claims that the third-party operators of certain affiliate sites used the Mark by (a) mislabeling hyperlinks that appear on the silveriracustodian.com, thegoldirareview.com, and myirainvesting.com websites and (b) posting videos to YouTube.com using the user name "Lear Capital."  Compl. ¶¶ 37-40, Exs. 10-12, Exs. 13-14 (YouTube.com pages).  Plaintiff does not allege that these types of uses occurred on Mr. Felix's website.

Instead, as with its false advertising claims, Plaintiff attempts to connect its trademark infringement claims to Defendants by labeling the operators of the identified affiliate sites as co-conspirators, alter egos, and agents.  *E.g.*, Compl. ¶¶ 16-19, 51, 55-56, 62, 66-67, 87.  For the reasons discussed in Section III.B.2 above, such conclusory statements and labels and allegations based on "information and belief" cannot support Plaintiff's claims.  Because there are no alleged facts that Defendants used the Mark in commerce, whether directly or as co-conspirators, alter egos, or principals, Plaintiff's trademark infringement claims must fail.  *See generally Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 958 (C. D. Cal. 1997) (Pregerson, J.) (granting summary judgment of no infringement because "there is no trademark use" by defendant).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

### D.   Plaintiff Fails to Allege a Claim for Vicarious Trademark Infringement

"[V]icarious infringement's roots lie in the agency principles of *respondeat superior.*  *See generally Perfect 10, Inc. v. Visa Int'l Service, Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).  To state a claim for vicarious trademark infringement, Plaintiff must allege that Defendants "and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product."  *Perfect 10*, 494 F.3d at 807; *see generally id.* at 802 ("vicarious infringement's roots lie in the agency principles of *respondeat superior*").

Plaintiff alleges that specific affiliate sites acted as Defendants' agents to vicariously infringe Plaintiff's Mark by "divert[ing] web traffic intended for Plaintiff directly to Regal Assets by using mislabeled hyperlinks."  Compl. ¶¶ 37-40, 49-51, 60-62.  As discussed above, the Complaint fails to allege adequately facts to establish an agency relationship, and as such fails to allege the requisite facts to support a claim that the identified affiliate sites acted as Defendants' agents to vicariously infringe Plaintiff's Mark.

### E.   Plaintiff's UCL Claims Fails for the Same Reasons

Because Plaintiff's false advertising and trademark infringement claims fails, its UCL claim is predicated upon the same conduct should also be dismissed.  Compl. ¶ 87; *see Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) ("Defendant moves to dismiss Plaintiff's § 17200 claim, arguing that because Plaintiff's Complaint fails to state a claim for any underlying violation, he cannot maintain his unfair competition law claim. Defendant is correct."); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 911 (C.D. Cal. 2009)) ("[T]o the extent Plaintiff's predicate federal statutory claims . . . are time barred and/or otherwise dismissed . . .  Plaintiff's state statutory Section 17200 claim predicated on these federal statutory violations likewise must necessarily fail and must also be dismissed

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  without prejudice because they do not state an 'unlawful' UCL claim."); *Gustafson v.*

2  *BAC Home Loans Servicing, LP*, No. SACV 11-915-JST ANX, 2012 WL 7051318, at

3  *12 (C.D. Cal. Dec. 20, 2012) ("Plaintiffs cannot allege fraud and thus, to the extent

4  that this claim is predicated on fraudulent acts, it must be dismissed."); *Silva*, 2011

5  WL 7096576, at *6 ("If a plaintiff's claim for an underlying action fails, he cannot

6  make a claim under § 17200.")

7          **F.**    <u>**The Court Should Dismiss the Complaint With Prejudice**</u>

8        A court need not allow leave to amend where "any amendment would be

9  futile."  *Leadsinger, Inc. v. BMG Music Publ'g,* 429 F. Supp. 2d 1190, 1197 (C.D.

10  Cal. 2005); *see also, Associated Gen. Contractors of Cal., Inc., v. Cal. State Council*

11  *of Carpenters,* 459 U.S. 519, 526 (1983); *Adaimy*, 2012 WL 10423232, at *4

12  ("Because Plaintiff's Opposition does not identify any facts that could be alleged to

13  show the existence of a cognizable justiciable controversy if leave to amend were

14  granted, this claim is dismissed **with prejudice**.") (emphasis in original).

15  As Plaintiff's counsel could not identify any allegedly false statement made by

16  Defendants or their alleged agents about Lear during the parties' meet and confer

17  discussion, Hughes Decl. ¶¶ 2-4, there is no basis to provide leave to amend.

18  Therefore, the Court should grant this Motion with prejudice.

19  **IV.**    <u>**CONCLUSION**</u>

20        Plaintiff's Complaint fails to plausibly state any claims for relief against

21  Defendants for false advertising, false designation or origin, trademark infringement

22  or unfair competition.  There is no allegation that Defendants made any false

23  statement about Lear or Regal Assets; no allegation that Defendants used Lear's Mark

24  in commerce; and the allegations seeking to impute liability onto Defendants are too

25  conclusory to survive this Motion. For all of these reasons, all of Plaintiff's claims

26  should be dismissed pursuant to Rule 12(b)(6) without leave to amend.

27  ///

28  ///

MOTION TO DISMISS THE COMPLAINT

Dated:  March 5, 2015                  WINSTON & STRAWN LLP


By:  */s/ Saul S. Rostamian*
     Saul S. Rostamian
     Erin R. Ranahan
     Diana L. Hughes
     Jennifer A. Golinveaux
     Kevin Joon Oh

     Attorneys for Defendants
     REGAL ASSETS, LLC, TYLER
     GALLAGHER, AND KELLY FELIX

MOTION TO DISMISS THE COMPLAINT